**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1697**

---

EUGENE MAXIMILIEN NDJIKI NYA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-611-066)

---

Submitted: January 30, 2004      Decided: February 24, 2004

---

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Paul S. Haar, Pauline M. Schwartz, LAW OFFICES OF PAUL S. HAAR,
Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant
Attorney General, Emily Anne Radford, Assistant Director, Thomas K.
Ragland, Office of Immigration Litigation, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eugene Maximilien Ndjiki Nya, a native and citizen of Cameroon, petitions for review of a final order of the Board of Immigration Appeals (Board) affirming the decision of the immigration judge. The Board concluded that Ndjiki Nya did not bear his burden of establishing the timely filing of his application for asylum. See 8 U.S.C. § 1158(a)(2)(B), (D) (2000); 8 C.F.R. § 1208.4(a)(2), (a)(4) (2003). We conclude that we lack jurisdiction to review this claim pursuant to § 1158(a)(3).

We can review denial of Ndjiki Nya's request for withholding of removal, which is not subject to the one-year time limit on asylum claims. See 8 C.F.R. § 1208.4(a). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). The Board denied withholding because Ndjiki Nya's evidence was not credible. Based on our review of the record and the decision of the immigration judge, we find that the Board did not err in finding that Ndjiki Nya failed to show a "clear probability of persecution" if he were returned to Cameroon.

Ndjiki Nya challenges the Board's denial of his motion to remand. We review the denial of a motion to remand for abuse of

discretion.  Malhi v. INS, 336 F.3d 989, 993 (9th Cir. 2003).  The Board abuses its discretion when it "fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim."  Id. (internal quotation omitted).  We have reviewed the record and the Board's order and conclude that it did not abuse its discretion in this case.

Finally, Ndjiki Nya contends that the immigration judge denied him due process by usurping the role of prosecutor by questioning Ndjiki Nya and his witness.  In order to succeed on a procedural due process claim, an alien must make a showing of prejudice.  See Rusu, 296 F.3d at 324; Farrokhi v. INS, 900 F.2d 697, 703 n.7 (4th Cir. 1990).  A reviewing court can find prejudice only "when the rights of [an] alien have been transgressed in such a way as is likely to impact the results of the proceeding."  Rusu, 296 F.3d at 320-21 (internal quotations omitted).  Ndjiki Nya fails to establish that his rights have been transgressed.  The immigration judge is charged by statute to "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses."  8 U.S.C. § 1229a(b)(1) (2000).  We conclude that the immigration judge did not exceed his statutory authority in doing so in this case.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>